# EXHIBIT A

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDAN PEACOCK, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PABST BREWING COMPANY, LLC,<br><br>Defendant. | No. 2:18-cv-00568-TLN-CKD<br><br>**ORDER** |

This matter is before the Court on Defendant Pabst Brewing Company, LLC's ("Defendant") Motion to Dismiss. (ECF No. 31.) Plaintiff Brendan Peacock ("Plaintiff") opposes Defendant's Motion. (ECF No. 33.) Defendant filed a reply. (ECF No. 35.) For the reasons set forth below, the Court hereby DENIES Defendant's Motion to Dismiss.

///
///
///
///
///
///

1

### I.   FACTUAL AND PROCEDURAL BACKGROUND

Defendant, a Delaware limited liability company, owns Olympia Beer. (ECF No. 30 at 2.) Originally, the Olympia Brewing Company brewed Olympia Beer in Tumwater, Washington, which borders Olympia, Washington. (*Id.* at 3.) Defendant acquired the Olympia Brewing Company in 1999 and closed the Olympia brewery in 2003. (*Id.*) Defendant now contract-brews Olympia Beer at several mega-breweries throughout the country, including a location in Irwindale, California. (*Id.* at 4.)

Plaintiff alleges Defendant deceives consumers by marketing Olympia Beer in a way that "falsely create[es] the impression" the beer is brewed using artesian water from the Olympia area of Washington. (*Id.* at 2.) More specifically, Plaintiff points to Defendant's advertising on the beer can itself. (*Id.* at 4–5.) Plaintiff alleges the product name "The Original Olympia Beer" coupled with the slogan "It's the Water" and an image of a cascading waterfall (a reference to the site of the original brewery) creates the impression that Olympia beer is brewed with water from the Olympia area of Washington. (*Id.* at 4–5.) Plaintiff alleges Defendant reinforces this misrepresentation with a post on Defendant's official Facebook page — a picture showing the product and a waterfall in the background with the caption "It really is the water #OlympiaBeer." (*Id.* at 6.) Lastly, Plaintiff alleges that a description of the beer on Defendant's website similarly misleads consumers. (*Id.* at 5–6.)

On March 15, 2018, Plaintiff filed a putative class action alleging Defendant violated California's Unfair Competition Law ("UCL"), codified at California Business & Professions Code § 17200. (ECF No. 1.) Defendant filed a motion to dismiss the complaint on April 27, 2018. (ECF No. 12.) Thereafter, Plaintiff filed an amended complaint ("FAC") on May 18, 2018. (ECF No. 14.) Defendant filed a motion to dismiss the FAC on May 31, 2018. (ECF No. 19.) At a hearing on August 20, 2019, the Court granted Defendant's motion with leave to amend. (ECF No. 29.) Plaintiff filed the operative Second Amended Complaint ("SAC") on September 19, 2019. (ECF No. 30.) Defendant filed the instant Motion to Dismiss the SAC on October 3, 2019. (ECF No. 31.)

///

## II. STANDARD OF LAW

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim...is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court must give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544, 556 (2007)).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the...laws in ways that have not been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459

1 U.S. 519, 526 (1983).

2 Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). Only where a plaintiff fails to "nudge[ ] [his or her] claims...across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

### III.   ANALYSIS

Defendant moves to dismiss Plaintiff's UCL claim for four reasons: (1) Plaintiff fails to allege Defendant's representations are likely to deceive a reasonable consumer; (2) Plaintiff fails to allege an unlawful predicate act; (3) Plaintiff fails to allege his claim with specificity pursuant to Rule 9(b); and (4) Plaintiff lacks standing to seek injunctive relief. (ECF No. 31-1 at 13, 19, 20, and 22.) The Court addresses each argument in turn.

///

///

///

4

A. <u>The Reasonable Consumer Test</u>

The UCL prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Plaintiff alleges Defendant's deceptive advertising is unlawful, unfair, and fraudulent in violation of all three prongs of the UCL. (ECF No. 30 at 11–12.) The UCL's "unlawful" prong permits a cause of action if a "business act or practice" violates some other law. *Kaski v. Nike, Inc.*, 27 Cal. 4th 939, 949 (2002) (quoting *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 180 (1999). Here, Plaintiff predicates his "unlawful" UCL claim on Defendant's alleged violation of California's False Advertising Law ("FAL"), codified at California Business & Professions Code § 17500, which prohibits any "untrue or misleading" advertising. (ECF No. 30 at 11.) *Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1016 (9th Cir. 2020) (quoting Cal. Bus. § Prof. Code § 17500). However, a violation of the FAL is also a *per se* violation of the UCL. *Williams v. Gerber Products Co.*, 552 F.3d 934, 938 (9th Cir. 2008).

Claims under the UCL and FAL are governed by the "reasonable consumer test." *Id.* Under this test, a plaintiff must show that members of the public are likely to be deceived. *Id.* (quoting *Freeman v. Time*, 68 F.3d 285, 289 (9th Cir. 1995) (internal quotation marks omitted). "California courts . . . have recognized that whether a business practice is deceptive will usually be a question of fact not appropriate for decision on demurrer." *Id.* at 938. Because this determination requires consideration and weighing of evidence, courts rarely grant a motion to dismiss under the reasonable consumer test. *Id.* at 939.

Plaintiff alleges Defendant violated the UCL and FAL through its false and misleading advertising of Olympia Beer. (ECF No. 30 at 11.) Defendant's labeling at the top of the Olympia Beer can displays the phrase "The Original Olympia Beer." (*Id.* at 4–5.) Beneath this text is an image depicting waterfalls similar to those at the site of the original brewery in Washington. (*Id.* at 5.) At the bottom of the can is the slogan "It's the Water." (*Id.* at 4–5.) Taken together, Plaintiff alleges he was deceived by the labeling on the can that Olympia Beer is brewed with water from the Olympia area of Washington. (ECF No. 30 at 8.)

///

5

1    Defendant contends there is nothing misleading about Olympia Beer's logo because the
2    "phrase 'The Original' used in connection with the product name 'Olympia Beer' [do] not make
3    any representation[s] of fact regarding the source of the water used to brew Olympia Beer." (ECF
4    No. 31-1 at 13–14.) Defendant relies on *Carrea v. Dreyer's Grand Ice Cream, Inc.*, 475 Fed.
5    App'x 113 (9th Cir. 2012) to support its contention. In *Carrea*, the plaintiff alleged the
6    "Original" and "Classic" statements on Dreyer's ice cream packaging as well as the reference to
7    the original 1928 recipe misled the public into thinking Drumsticks were more nutritious than
8    brands made by Dreyer's competitors. *Id.* at 115. In affirming dismissal of the plaintiff's claims,
9    the court stated, "It is implausible that a reasonable consumer would interpret 'Original Sundae
10   Cone,' 'Original Vanilla,' and 'Classic,' to imply that Drumstick is more wholesome or nutritious
11   than competing products." *Id.* The court also noted there were no other terms "that might
12   suggest that the modern Drumstick is identical in composition to its prototype." *Id.*

13    *Carrea* is distinguishable from the instant case. First, in *Carrea*, Dreyer's packaging
14   lacked "specific claims about content or ingredients" in relation to the "Original" and "Classic"
15   statements, while Plaintiff in this case alleges the labeling on the Olympia Beer can — namely,
16   the phrase "It's the Water" in conjunction with the "The Original," "Olympia Beer," and the
17   image of a waterfall from the area — implies the water used in Olympia Beer comes from its
18   original source in the Olympia area of Washington. Second, this case turns on the geographical
19   source of Olympia Beer's ingredients, while the allegations in *Carrea* related to the nutritional
20   value of the product. Lastly, unlike here, the claim at issue in *Carrea* was not a close call. The
21   *Carrea* court emphasized "it strains credulity to claim that a reasonable consumer would be
22   misled to think that an ice cream dessert with 'chocolate coating topped with nuts,' is healthier
23   than its competition simply by virtue of these 'Original' and 'Classic' descriptors." *Id.* The
24   Court cannot dismiss Plaintiff's claim so easily.

25    Defendant also relies on *Maeda v. Kennedy Endeavors, Inc.*, 407 F. Supp. 3d 953 (D.
26   Haw. 2019) for the proposition that no reasonable consumer would make a geographical
27   inference from Olympia Beer's labeling. (ECF No. 31-1 at 16–17.) In *Maeda*, the defendant's
28   products included the word "HAWAIIAN" at top with a variety of Hawaii-related imagery

6

1   beneath (e.g., "hula dancers, canoes, beaches, palm trees, and volcanoes"). *Id.* at 970–971. The
2   court found that "the word 'Hawaiian,' even when accompanied by the subject images, does not
3   represent that the Hawaiian Snacks are from Hawai'i." *Id.* at 973. Defendant argues that, like in
4   *Maeda*, Olympia Beer's packaging at most evokes the "spirit" of the Northwest (ECF No. 31-1 at
5   17), which "is insufficient to confuse a reasonable consumer." *Id.*

6       *Maeda* is also distinguishable from the instant case. The *Maeda* Court found the
7   "exclusive use of the word 'Hawaiian' and associated imagery" to be non-actionable because the
8   advertising lacked any geographic specificity. 407 F. Supp. 3d at 972. In contrast, Defendant's
9   advertising not only alludes to a geographically specific area, it also draws on the historical
10  brewing location and once-unique ingredient in Olympia Beer — the water. (ECF No. 30 at 5–6.)
11  As Plaintiff alleges, the slogan "It's the Water" denotes the quality of the naturally filtered,
12  artesian water from the Olympia area of Washington. (ECF 30 at 3.) Unlike *Maeda*, the
13  phrasing on the can and depiction of waterfalls at the site of the original brewery goes much
14  further than "merely referencing or evoking the spirit" of the Northwest. 407 F. Supp. 3d at. 973.

15      Notably, none of Defendant's cited authority is binding on this Court. Further, at this
16  early stage, the Court must take Plaintiff's allegations as true and draw all reasonable inferences
17  in his favor. Although Olympia's packaging does not contain a map pinpointing the alleged
18  misrepresentation[1] or an explicit statement regarding origin,[2] Plaintiff alleges enough facts to
19  draw a reasonable inference that a reasonable consumer would believe Olympia Beer is brewed

---

[1] *See, e.g., Broomfield v. Craft Brew All., Inc.*, No. 17-CV-01027-BLF, 2017 WL 3838453 at *1 (N.D. Cal. Sept. 1, 2017) (holding alleged misleading representations printed on beer label included a map of Hawai'i marking the location of the brewery and invitation to visit the brewery); *Peacock v. 21st Amendment Brewery Cafe, LLC*, No. 17-CV-01918-JST, 2018 WL 452153 at *5 (N.D. Cal. Jan. 17, 2018) (map of San Francisco Bay Area with an "x" marking the brewery location is likely to deceive a reasonable consumer).

[2] *See Marty v. Anheuser-Busch Cos., LLC*, 43 F. Supp. 3d 1333, 1340–42 (S.D. Fla. 2014) (finding "Originated in Germany" and "German quality" would mislead a reasonable consumer); *Reed v. Gen. Mills, Inc.*, No. C19-0005-JCC, 2019 WL 2475706 at *4-5 (W.D. Wash. June 13, 2019) (the phrases "VISIT OUR HOME FARM" and "SKAGIT VALLEY, WA" were sufficient to withstand a motion to dismiss.)

with water from the Olympia area of Washington.³ It is plausible that a reasonable consumer could see the phrase "The Original Olympia Beer" and the waterfall image on the can and associate Olympia Beer with the Olympia area of Washington, especially in light of Plaintiff's allegation that the waterfall image "look[s] just like the waterfalls" associated with the original brewery in the Olympia area of Washington State. Further, a reasonable consumer could construe the phrase "It's the Water" — when taken with the can's labeling as a whole — to suggest that Olympia Beer is brewed using water from the Olympia area.⁴

In sum, the Court finds that Plaintiff plausibly alleges a reasonable consumer would likely be deceived by the Olympia Beer labeling into believing Olympia Beer is brewed with water from the Olympia area of Washington State.⁵

### B. UCL's "Unlawful" Predicate Act

Defendant contends Plaintiff has not sufficiently pled an "unlawful" predicate act on which to base a violation of the UCL. (ECF No. 31 at 19–20.) As stated above, the UCL's unlawful prong "borrows violations of other laws and treats them as unlawful practices that the [UCL] makes independently actionable." *Cel-Tech*, 20 Cal. 4th at 180 (internal quotation marks omitted). Here, Plaintiff predicates his "unlawful" UCL claim on Defendant's alleged violation of the FAL. (ECF No. 30 at 11.) Having found that Plaintiff has sufficiently pleaded a violation of the FAL, the Court also finds his UCL claim is properly premised on that violation.

---

³ *See, e.g.*, *Shalikar v. Asahi Beer U.S.A., Inc.*, No. LA CV17-02713 JAK (JPRX), 2017 WL 9362139 at *8 (C.D. Cal. Oct. 16, 2017) (the word "Asahi", which means "morning sun" in Japanese, and the Japanese katakana kanji characters describing the name and characteristics of the beer could mislead reasonable consumers.)

⁴ Defendant also contends the phrases "The Original" and "It's the Water" are non-actionable puffery. (ECF No. 31-1 at 19.) "Advertising that amounts to 'mere' puffery is not actionable because no reasonable consumer relies on puffery." *Haskell v. Time, Inc.*, 857 F. Supp. 1392, 1399 (E. D. Cal. 1994). Puffery consists of statements that are "vague, highly subjective claims as opposed to specific, detailed factual assertions." *Id.* Drawing all reasonable inferences in Plaintiff's favor and for the reasons already discussed, the Court finds the Olympia Beer label, taken as a whole, makes a sufficiently measurable and specific claim that Olympia Beer is brewed with water from the Olympia area of Washington State.

⁵ Because the Court finds the labeling on the can is dispositive, the Court need not and does not address the allegations regarding Defendant's website or social media post.

|     |     |     |
| --- | --- | --- |
| 1   |     | C.   Rule 9(b)'s Pleading Standard |

2   Defendant asserts that Plaintiff's allegations fail to meet the pleading requirements of

3   Rule 9(b).  (ECF No. 31-1 at 20.)  A claim grounded in fraud "must state with particularity the

4   circumstances constituting fraud . . .."  Fed. R. Civ. P. 9(b).  A court may dismiss a claim for

5   failing to satisfy Rule 9(b)'s heightened pleading requirements.  *See Vess v. Ciba–Geigy Corp.*

6   *USA*, 317 F.3d 1097, 1107 (9th Cir. 2003).  Under this heightened pleading standard, a party must

7   "identify the who, what, when, where, and how of the misconduct charged, as well as what is

8   false or misleading about the purportedly fraudulent statement, and why it is false."  *Moore v.*

9   *Mars Petcare US, Inc.*, 966 F.3d 1007, 1019 (9th Cir. 2020) (quoting *Davidson v. Kimberly–*

10  *Clark*, 889 F.3d 956, 964 (9th Cir. 2018)).  The complaint must contain enough detail to put a

11  defendant on notice of the alleged misconduct so they may "defend against the charge and not

12  just deny that they have done anything wrong."  *Vess*, 317 F.3d at 1106.

13  Defendant contends the SAC fails to meet Rule 9(b)'s pleading requirements because

14  Plaintiff allegedly fails to (1) plead his injury with particularity, (2) allege when he first

15  discovered that Olympia Beer is brewed in Irwindale, CA, (3) identify which particular

16  advertisements he viewed — including when, where, and how he viewed them — and, (4) state

17  that he actually viewed the Defendant's Facebook post referenced in the SAC.

18  The Court disagrees with Defendant and finds Plaintiff's allegations satisfy Rule 9(b).

19  Plaintiff alleges Defendant (the "who") misled Plaintiff into believing that Olympia Beer is

20  "exclusively brewed using water from the Olympia area of Washington State" (the "what").

21  (ECF No. 30 at 7.)  Plaintiff further alleges he purchased Olympia Beer on April 21, 2017 (the

22  "when") from a Grocery Outlet located at 2801 Zinfandel Drive in Rancho Cordova, California

23  (the "where").[6]  (*Id.* at 7.)  Finally, Plaintiff alleges Defendant deceptively markets its product as

24  "The Original Olympia Beer" with the slogan "It's the Water" and an image of the waterfalls

25  associated with the original brewery in Washington State, which is likely to mislead a reasonable

---

[6] Plaintiff also alleges in the two years preceding this purchase, he was directly exposed to Defendant's allegedly misleading advertising on his smartphone and purchased the same product at other retailers like Total Wine.  (ECF No. 30 at 7.)

consumer into thinking the beer is brewed with water sourced from the Olympia area of Washington State (the "how"). (*Id.* at 8–9.) As to his injury, Plaintiff alleges he paid a premium price for Olympia Beer and would not have purchased the product had he known Defendant's marketing was false. (*Id.*)

Defendant contends that under Rule 9(b), Plaintiff must specify the "actual price" paid and what he "believes he should have paid." (ECF No. 31-1 at 21.) However, Defendant does not provide authority to support the contention that Plaintiff is required to make those specific allegations. Defendant also faults the SAC for failing to precisely identify when Plaintiff "first discovered that Olympia beer is brewed in . . . California" and "*which* particular advertisements or marketing messages [Plaintiff] viewed, *where* he viewed them, or *how* he viewed them." (*Id.*) (emphasis in original.) Again, Defendant provides no authority requiring Plaintiff to make these precise allegations. To the contrary, Ninth Circuit precedent suggests a plaintiff need not allege facts showing when he first discovered — or "came to believe" — a product is allegedly misrepresented. *Davidson*, 889 F.3d at 966. Here, for the reasons set forth above, Plaintiff's allegations are specific enough to put Defendant on notice of the particular misconduct alleged so Defendant may defend itself. *See Vess*, 317 F.3d at 1106. The Court therefore concludes Plaintiff has satisfied Rule 9(b)'s particularity requirement.

### D.     Article III Standing

Finally, Defendant contends Plaintiff lacks standing to seek injunctive relief. (ECF No. 31-1 at 22.) For Article III standing, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) *as revised* (May 24, 2016). Plaintiff bears the burden of proof and must "clearly . . . allege facts demonstrating each element." *Id.* (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)). An injury in fact is one that is (a) concrete and particularized and (b) actual or imminent. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). In other words, the injury "must affect the plaintiff in a personal and individual way" and "must actually exist." *Spokeo*, 136 S. Ct. at 1548. "Even named plaintiffs who represent a class must allege and show that they personally have been

injured." *Id*. at 1547 n.6 (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976)) (internal quotation marks omitted).

In *Davidson*, the Ninth Circuit held a "previously deceived plaintiff may have standing to seek injunctive relief" based on allegedly false advertising. 888 F.3d at 969–970. The court listed two ways such a plaintiff may allege standing to seek injunctive relief, "even though the consumer now knows or suspects that the advertising was false at the time of original purchase[.]" *Id.* at 969. First, the plaintiff may allege he wishes to buy the same product again but is "unable to rely on the products advertising or labeling in the future[.]" *Id.* at 970. Second, the plaintiff may allege he may purchase the same product again in the future, even if "marred by false advertising or labelling," under the reasonable — but incorrect — assumption the product has improved. *Id.*

Here, Plaintiff adequately alleges a threat of future harm as articulated in *Davidson*. More specifically, Plaintiff alleges he "wishes and is likely" to continue purchasing Defendant's product if "he could rely with confidence on [Defendant's] marketing and advertising and make an informed decision regarding the source of the water in Olympia Beer." (ECF No. 30 at 8.) As such, the Court finds this alleged harm is sufficient to confer standing to pursue injunctive relief. *See Davidson*, 888 F.3d at 969–970; *see also Broomfield v. Craft Brew All., Inc.*, No. 17-CV-01027-BLF, 2018 WL 4952519 at *8 (N.D. Cal. Sept. 25, 2018).

### IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 31) is hereby DENIED. Defendant shall file a responsive pleading within twenty-one (21) days of the date of electronic filing of this Order.

IT IS SO ORDERED.

DATED: September 30, 2020

Troy L. Nunley
United States District Judge